# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

MIHRDAT HOVHANNISYAN

VERSUS

WARDEN JACKSON PARISH
CORRECTIONAL CENTER, ET AL.

CIVIL ACTION NO. 26-1071

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE McCLUSKY

## ORDER

Mihrdat Hovhannisyan ("Petitioner") filed a petition for a writ of habeas corpus, Record Document 1, and later amended that petition, Record Document 4. The habeas petition is **REFERRED** to the Magistrate Judge for recommendation. Record Documents 1, 4. The Petitioner has also filed a motion for counsel to appear pro hac vice, Record Document 8, a motion to waive the requirement of local counsel, Record Document 9, and a motion for temporary restraining order, Record Document 10. The motion to appear pro hac vice, Record Document 8, and motion to waive the requirement of local counsel, Record Document 9, are **GRANTED**. For the following reasons, the motion for temporary restraining order is **DENIED**. Record Document 10.

The Petitioner is an Armenian citizen who entered the United States without inspection and later applied for asylum. Record Document 10-1 at 2. Following a hearing, an immigration judge denied his application for asylum and entered an order of removal. *Id.* at 16. Nevertheless, the immigration judge granted "withholding of removal to Armenia" based on a likelihood of persecution in Armenia for his political

opinion. *Id.* at 15. Since then, Enforcement and Removal Operations ("ERO") issued notice of its intent to remove the Petitioner to a third-country, Moldova. Record Document 7-1 at 2.

In his motion for injunctive relief, the Petitioner asks the Court to stay removal and preserve the status quo while his habeas petition remains pending. Record Document 10 at 2-3. However, even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

Moreover, although this Court has "the power to preserve existing conditions while it [determines] its own authority to grant injunctive relief[,]" the Petitioner has not alleged any sort of lawful status, and without such, the Court declines to grant him temporary relief. *Cf. Umanzor Maldonado v. Lyons*, No. 26-112, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (restraining removal during habeas proceeding where noncitizen had deferred action status).

**DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of June, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

2